UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOHN FITZGERALD HANSON, | |
| PETITIONER, | |
| | Case No. |
| v. | |
| GENTNER DRUMMOND, Attorney General of the State of Oklahoma; | Judge<br>Magistrate Judge |
| DANON COLBERT, Acting Regional Director, U.S. Department of Justice, Federal Bureau of Prisons; | |
| WILLIAM W. LOTHROP, Acting Director, U.S. Department of Justice, Federal Bureau of Prisons; and | CAPITAL CASE |
| HOWARD K. GOLDEY, Warden, United States Penitentiary Pollock, Federal Bureau of Prisons, | |
| RESPONDENTS. | |

**MOTION FOR DECLARATORY RELIEF OR IN THE ALTERNATIVE A TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION**

Petitioner seeks emergency relief from this Court to prevent the Defendants from ending his federal sentence of life imprisonment and transferring him to the State of Oklahoma to be put to death.[1] On January 23, 2025, Oklahoma Attorney General Gentner Drummond requested Mr. Hanson's release and transfer from U.S.P. Pollock to Oklahoma

---

[1] Mr. Hanson has a death sentence out of Tulsa County, Oklahoma. He is next in line to be executed with a projected execution date of June 2025.

by March 20, 2025. As stated in Defendant Drummond's Letter to Defendant Colbert, Mr. Hanson will "be eligible for the next available execution date," upon his return to Oklahoma.[2]

Petitioner seeks an emergency injunction to prevent his transfer until this Court can determine whether such transfer is lawful and in the public interest. Mr. Hanson has been housed at U.S.P. Pollock since 2006, and Defendants will not be harmed if Mr. Hanson remains at U.S.P. Pollock until the resolution of this matter.

## BRIEF IN SUPPORT

Contemporaneously with the filing of this motion, Mr. Hanson filed a complaint seeking injunctive and declaratory relief preventing Mr. Hanson's transfer to the State of Oklahoma.

This Court's intervention is now required. A temporary restraining order or preliminary injunction is necessary. Pursuant to Fed. R. Civ. P. 65 (b) (1) (A), Petitioner has pled specific facts that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." *Id*. Mr. Hanson certifies that copies were mailed to Defendants or their representatives. Mr. Hanson has worked diligently to file this action as soon as possible.

Federal courts traditionally consider four factors in evaluating whether to grant a preliminary injunction. A petitioner must establish that he is likely to succeed on the merits,

---

[2] The next execution date in Oklahoma is set for March 20, 2025. The Court of Criminal Appeals of Oklahoma has ruled that executions are to be set 90 days apart, which would make Mr. Hanson's date of execution on or around June 21, 2025.

that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Glossip v. Gross*, 576 U.S. 863, 876 (2015); *Hill v. McDonough*, 547 U.S. 573, 584 (2006); *Nelson v. Campbell*, 541 U.S. 637, 649-50 (2004). Consideration of these factors in this case counsel a finding that a temporary or preliminary injunction is warranted.

**A.	Mr. Hanson is Likely to Succeed on the Merits.**

Mr. Hanson is likely to succeed on the merits of his claims. Mr. Hanson is currently serving a life sentence in federal custody. The federal government has primary jurisdiction over Mr. Hanson, because his federal arrest, trial and sentence came before the state prosecution. "[F]irst arrested and imprisoned," means that the federal government "[can]not without its consent be deprived of his custody until through with him." *Zerbst v. McPike*, 97 F.2d 253, 254 (5th Cir. 1938); *Armstrong v. Salinas*, No. 6:13-cv-179, 2014 WL 340399, at *5 (E.D. Ky. Jan. 30, 2014) (collecting authorities).

Besides the federal and state sovereignty matters, Petitioner is a member of the Muscogee Nation and the state crimes for which he was sentenced to death occurred on Cherokee reservation lands. If Mr. Hanson is transferred to Oklahoma he will be put to death. A decision by the Defendants to release Mr. Hanson to state custody to be executed goes against the Muscogee (Creek) Nation, the Nation to which Mr. Hanson belongs. *See* Attachment 1, Letter from Muscogee (Creek) Nation. The resulting imposition of the death penalty upon release to Oklahoma is a betrayal of a promise made to the Cherokee and Muscogee (Creek) Nations, and it demonstrates a deep disrespect for tribal sovereignty.

This Court should declare that Mr. Hanson should remain at U.S.P. Pollock until he has served the entirety of his federal sentence. At the bare minimum, a temporary restraining order pending full briefing and consideration of these issues is warranted given the irreparable harm to the Petitioner and the substantial various sovereignty interests at stake. Mr. Hanson has a substantial likelihood of success on the merits.

**B. Absent a Temporary Restraining Order, Mr. Hanson Will Be Irreparably Harmed.**

"[A] preliminary injunction may be entered based only a possibility of irreparable harm." *Nat. Res. Def. Council, Inc.*, 555 U.S. at 375. Here, if Mr. Hanson is executed before proceedings have concluded it will "effectively deprive this Court of jurisdiction." *Id.* An injunction is generally warranted when, as here, mootness is likely to arise during the pendency of the litigation—as it will if Mr. Hanson is transferred to Oklahoma and is executed in June 2025. *See Chafin v. Chafin*, 568 U.S. 165, 178 (2013).

An injunction in this case is necessary because otherwise Mr. Hanson will be executed in due course. The harm is clear, serious, and irreversible. *See, e.g., Wainwright v. Booker*, 473 U.S. 935, 935 n.1 (1985) (Powell, J., concurring) (stating that the requirement of irreparable harm if stay is not granted "is necessarily present in capital cases").

**C. Defendants Will Be Unaffected by a Temporary Restraining Order or Preliminary Injunction.**

A temporary pause in the transfer request by Oklahoma will not substantially harm the Defendants. Mr. Hanson seeks merely to maintain the status quo until this action can

4

be resolved on the merits. Defendants should not be heard to complain of a short delay to protect Hanson's rights.

Maintaining the status quo is the very purpose of a temporary restraining order or preliminary injunction. If the injunction is granted in error, then it may be lifted, and the transfer of Mr. Hanson to Oklahoma can expeditiously occur. An injunction in this case will not substantially harm the defendants.

### D.   Injunctive Relief Will Serve the Public Interest.

The public interest is not served by executing someone before they have completed their federal sentence. This interest is only heightened in the context of executions. The Supreme Court has confirmed that brief stays or injunctions are warranted to permit potentially meritorious claims to be adjudicated before prisoners are executed. *See Barr v. Roane*, 140 S. Ct. 353 (2019) (Alito, J., respecting the denial of stay or vacatur) ("[I]n light of what is at stake, it would be preferable for the District Court's decision to be reviewed on the merits by the Court of Appeals for the District of Columbia Circuit before the executions are carried out."); *see also Barr v. Lee*, 591 U.S. 979, 983 (2020) (Sotomayor, J., dissenting) (noting that "because of the Court's rush to dispose of this litigation in an emergency posture, there will be no meaningful judicial review of the grave, fact-heavy challenges respondents bring").

### CONCLUSION

WHEREFORE, Petitioner, by and through counsel, respectfully request that the Court grant the Motion for Declaratory Relief or in the Alternative a Temporary Restraining Order/Preliminary Injunction in order to litigate these matters.

Dated: January 29, 2025                    Respectfully submitted,

*/s/ Tricia Russell*
TRICIA RUSSELL, Arkansas Bar # 2020232
Assistant Federal Public Defender
Western District of Oklahoma
Capital Habeas Unit
215 Dean A. McGee, Suite 707
Oklahoma City, OK 73102
(405) 609-5975 (phone)
(405) 609-5976 (fax)
E-mail: Tricia_Russell@fd.org

COUNSEL FOR PETITIONER,
JOHN FITZGERALD HANSON

## Certificate of Service

I hereby certify that on January 29, 2025, I presented the foregoing Motion for Declaratory Relief or in the Alternative a Temporary Restraining Order/Preliminary Injunction to the Clerk of Court for filing and I hereby certify that I have mailed by United States Postal Service this filing to the following non-CM/ECF participants:

Gentner Drummond
Attorney General
State of Oklahoma
313 N.E. 21st Street
Oklahoma City, OK 73105

Danon Colbert
Acting Regional Director
U.S. Department of Justice
Federal Bureau of Prisons
South Central Regional Office
US Armed Forces Reserve Cmpl
344 Marine Forces Drive
Grand Prairie, Texas 75051

6

William W. Lothrop
Acting Director
U.S. Department of Justice
Federal Bureau of Prisons
Central Office
320 First St., NW
Washington, DC 20534

Howard K. Goldey, Warden
United States Penitentiary Pollock
Federal Bureau of Prisons
1000 Airbase Road
Pollock, LA 71467

_____
Tricia Russell, Assistant Federal Public Defender