d

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOHN FITZGERALD HANSON, Plaintiff | CIVIL DOCKET NO. 1:25-CV-00102 SEC P |
| VERSUS | JUDGE DRELL |
| GENTNER DRUMMOND ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a Motion for Temporary Restraining Order and for Preliminary Injunction ("MTRO") filed by Petitioner John Fitzgerald Hanson ("Hanson").[1] (ECF No. 3). Hanson seeks, in summary, to enjoin his transfer from the United States Penitentiary at Pollock, Louisiana ("USP-Pollock") to the State of Oklahoma. He is currently a life sentence at USP-Pollock, in the primary custody of the United States Bureau of Prisons ("BOP"), for a series of federal offenses of which he was convicted in January 2000. Hanson was also sentenced to death by the State of Oklahoma in May 2001. The state's Attorney General (Defendant Gentner Drummond ("AG Drummond")) seeks Hanson's transfer to state custody at a facility in Lexington, Oklahoma – as soon as possible, but no later than March 20, 2025 – so that he may be executed. *See* ECF No. 1-1.

---

[1] The Motion also references, but does not clearly (or at least solely) request, a preliminary injunction, but does not formally request. Accordingly, this opinion addresses only Hanson's request for a TRO.

1

At this juncture, the remaining Defendants – all of whom are federal officials with the BOP and the United States Department of Justice – have not been appeared, and the District Judge has had no opportunity to conduct any proceedings deemed necessary to address the merits of Hanson's claims. Under these circumstances, a TRO is warranted. Therefore, the MTR0 (ECF No. 3) should be GRANTED IN PART to the extent it seeks a Temporary Restraining Order ENJOINING AND PROHIBITING Hanson's transfer to the State of Oklahoma until such time as the parties in opposition may be heard, and the District Judge may conduct additional proceedings if deemed necessary. The MTRO (ECF No. 3) should be DENIED IN PART in all other respects.

I. Background

Hanson filed this Complaint for Declaratory Relief, or in the Alternative, a Temporary Restraining Order/Preliminary Injunction on January 29, 2005. ECF No. 1.[2] Hanson states that, on January 23, 2025, AG Drummond sent a letter to the Acting Regional Director for the Federal Bureau of Prisons, Defendant Danon Colbert ("Director Colbert"). Hanson attached a copy of that letter to his Petition and to the MTRO. *See* ECF No. 1-1.

---

[2] Hanson requests that the Court: (1) issue an order enjoining his transfer to Oklahoma until he has completed his federal sentence; (2) issue a preliminary and permanent injunction enjoining Hanson from being transferred to the State of Oklahoma under 18 U.S.C. § 3623; (3) or in the alternative, issue an order enjoining Hanson's transfer until this matter can be fully briefed and resolved by this Court; (4) issue an order requiring Director Goldey to secure physical custody of Mr. Hanson; or (5) issue declaration that the Government is unlawfully seeking to transfer Hanson under § 3623. ECF No. 1.

2

In the letter, AG Drummond states that Hanson was convicted of First-Degree Murder, and sentenced to death, in an Oklahoma state court. *Id.* at 1. He recounted the state's prior unsuccessful efforts to obtain Hanson's transfer – and the litigation that arose therefrom – for the same purposes, and on the same bases, in 2022. *See id.* at 1-2; *Oklahoma v. Tellez*, 7:22-CV-00108, 2022 WL 17069132, at *1 (N.D. Tex. 2022). Referencing 18 U.S.C. § 3623[3] and a January 20, 2025 Executive Order titled "Restoring the Death Penalty and Protecting Public Safety,[4]" AG Drummond requests of Director Colbert that Hanson be transferred to the State of Oklahoma to be executed. *Id.* at 2.

According to AG Drummond, "the next execution date is currently scheduled for March 20, 2025." *Id.* Therefore, AG Drummond seeks Hanson's transfer on or

---

[3] Section 3623 states:

> The Director of the Bureau of Prisons shall order that a prisoner who has been charged in an indictment or information with, or convicted of, a State felony, be transferred to an official detention facility within such State prior to his release from a Federal prison facility if--
> (1) the transfer has been requested by the Governor or other executive authority of the State;
> (2) the State has presented to the Director a certified copy of the indictment, information, or judgment of conviction; and
> (3) the Director finds that the transfer would be in the public interest.

18 U.S.C. § 3623.

[4] *Available at* https://www.whitehouse.gov/presidential-actions/2025/01/restoring-the-death-penalty-and-protecting-public-safety/.

3

before March 20, 2025 "so that he is eligible for the next available execution date." *Id.*[5]

## II. Law and Analysis

Rule 65(b) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> > (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> >
> > (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

A TRO is a "an extraordinary and drastic remedy." *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009). The purpose of a TRO is to "preserve, for a very brief time, the status quo, so as to avoid irreparable injury pending a hearing on the issuance of a preliminary injunction." *Norman Bridge Drug Co. v. Banner*, 529 F.2d 822, 829 (5th Cir. 1976); *see also, Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974) (noting that ex parte TROs "should be restricted to serving their underlying purpose of

---

[5] On this point, Hanson claims that "[t]he Criminal Court of Appeals of Oklahoma has ruled that executions are to be set 90 days apart," which would mean that Hanson would be first eligible for execution "on or around June 21, 2025." ECF No. 3 at 2, fn. 2.

preserving the status quo").[6]  The moving party has the burden to establish entitlement to a TRO.  *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

A TRO "should be restricted to serving [the] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).  Further, "Rule 65(d)(1)(C) only requires that an injunction or restraining order use 'reasonable detail' in describing the conduct required or prohibited." *Matter of Highland Cap. Mgmt., L.P.*, 105 F.4th 830, 837 (5th Cir. 2024).

In this case, Hanson has set forth sufficient facts to show that irreparable harm – his transfer to state custody and ultimately, his execution – will result if a TRO is not granted to preserve the status quo pending additional proceedings.  AG Drummond sent the letter to Director Colbert one week ago.  There is no response of record from the remaining Defendants either to AG Drummond's letter or to this lawsuit.  While it is presently unclear if or when Hanson's transfer and execution may be effectuated, AG Drummond clearly requests Hanson's transfer on or before March 20, 2025, and at least inferentially, as soon as possible. manifestly concerned that Hanson be transferred and executed as soon as possible.  As such, the Court can only assume that a transfer to state custody for purposes of execution are, or could be, imminent.  And axiomatically, the prospect of Hanson's execution poses a risk of

---

[6] A TRO may be treated as a preliminary injunction if an "adversarial hearing has taken place." *Butts v. Aultman*, 953 F.3d 353, 361 (5th Cir. 2020) (citing 11A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2951 (3d ed. 2019)).

irreparable harm, particularly if his claims have potential merit, as past efforts and litigation at least suggest may be possible. *See Barbee v. Collier*, 566 F. Supp. 3d 726, 738 (S.D. Tex. 2021) ("In a capital case, "the possibility of irreparable injury weighs heavily in the movant's favor, especially when his claim has some merit.'").

Moreover, a TRO in this circumstance is not, and should not be construed as, a preliminary injunction. The nature and scope of any proceedings conducted prior to the issuance of an order – and not the caption of a motion or of a court's ruling – is controlling in this regard. *See Turner v. Epps*, 460 F. App'x 322, 326 (5th Cir. 2012). And once again, here, no adversary hearing has been held, no responsive brief has been filed, and no other substantive proceedings have occurred. To the contrary, the purpose of a TRO in this circumstance would be to ensure that those matters, in the District Judge's discretion, could occur.[7]

## III. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that the MTRO (ECF No. 3) be GRANTED IN PART to the extent it seeks an order prohibiting Hanson's transfer to the State of Oklahoma until such time as the parties in opposition may be heard, and the District Judge may conduct additional proceedings in his discretion.

---

[7] "A TRO is a form of injunctive relief. When, as here, a request for TRO is referred to a magistrate judge, . . . a magistrate judge can issue a report that recommends the issuance of a TRO. *See* 28 U.S.C. § 636(b)(1)(A), (B). The ultimate decision of whether a TRO is appropriate rests in the hands of the district judge, who will decide whether to accept, reject, or modify the report and recommendation. *Id.* § 636(b)(1)(C)." *NRT Texas LLC v. Wilbur*, No. 4:22-CV-02847, 2022 WL 18456949, at *1 (S.D. Tex. Sept. 14, 2022).

IT IS FURTHER RECOMMENDED that the United States Bureau of Prisons be temporarily ENJOINED AND PROHIBITED from transferring Petitioner John Fitzgerald Hanson to the custody of the State of Oklahoma, or to any other entity's custody, pending further orders and proceedings to be determined by the District Judge.

IT IS FURTHER RECOMMENDED that the MTRO (ECF No. 3) should be DENIED IN PART in all other respects.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Friday, January 31, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE