UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **JOHN FITZGERALD HANSON** | **CASE NO. 25-cv-102 SEC P** |
| -vs- | **JUDGE DRELL** |
| **GENTNER DRUMMOND ET AL** | **MAGISTRATE JUDGE PEREZ-MONTES** |

JUDGMENT

Before the Court is the Magistrate Judge's Report and Recommendation pertaining to Plaintiff John Fitzgerald Hanson's Motion for Temporary Restraining Order ("TRO") (ECF Nos. 3 and 5).[1] For the following reasons, the Report and Recommendation is NOT ADOPTED, Hanson's complaint is DISMISSED WITHOUT PREJUDICE as unripe, and his motion for a temporary restraining order and preliminary injunction is DENIED as MOOT.

I. **Background**

Hanson was sentenced to life in federal prison for a series of federal crimes and later sentenced to death by the State of Oklahoma for the carjacking, kidnapping, and murder of two Oklahomans. ECF No. 1 at 7-8. Hanson is currently serving his life sentence at USP-Pollock in the primary custody of the Bureau of Prisons ("BOP"). U.S.P. Pollock is situated in the Western District of Louisiana, and is in the jurisdiction of this court.

---

[1] Hanson's attorney contemporaneously filed a "Complaint for Declaratory Relief or in the Alternative a Temporary Restraining Order/Preliminary Injunction" (ECF No. 1), requesting that the Court: (1) issue an order enjoining his transfer to Oklahoma until he has completed his federal sentence; (2) issue a preliminary and permanent injunction enjoining Hanson from being transferred to the State of Oklahoma under 18 U.S.C. § 3623; (3) or in the alternative, issue an order enjoining Hanson's transfer until this matter can be fully briefed and resolved by this Court; (4) issue an order requiring Warden Goldey to secure physical custody of Mr. Hanson; or (5) issue declaration that the Government is unlawfully seeking to transfer Hanson under § 3623. ECF No. 1.

In 2022, pursuant to 18 U.S.C. § 3623[2], the State of Oklahoma asked the BOP to immediately transfer Hanson into state custody so Oklahoma could carry out its death sentence. The BOP refused to release Hanson based on the finding of the then Regional Director of BOP's South Central Regional Office, Heriberto H. Tellez, that Hanson's transfer to state custody for execution was not in the public interest. ECF No. 1-1 at 9. *See* 18 U.S.C. § 3632(3); *Oklahoma v. Tellez*, 7:22-CV-00108, 2022 WL 17069132, at *1 (N.D. Tex. 2022)[3].

The State of Oklahoma then filed a "Motion for a Writ of Habeas Corpus or, in the Alternative, a Temporary Restraining Order/Preliminary Injunction" in the United States District Court for the Northern District of Texas, asking the court to order the Government to transfer Hanson to state custody for the execution of the state sentence. *See Oklahoma v. Tellez*, 7:22-CV-00108-O, 2022 WL 17069132, at *1 (N.D. Tex. 2022). The State of Oklahoma argued that the Government's refusal to transfer Hanson to state custody was ultra vires and, as such, subject to federal judicial review. *See Oklahoma v. Tellez*, 7:22-CV-00108, 2022 WL 17686579, at *2 (N.D. Tex. 2022). According to the state, the "public interest" in the context of the death penalty was plainly established, so the BOP had no discretion to deny the transfer. *Id.*

---

[2] Section 3623 provides:
    The Director of the Bureau of Prisons shall order that a prisoner who has been charged in an indictment or information with, or convicted of, a State felony, be transferred to an official detention facility within such State prior to his release from a Federal prison facility if--
    (1) the transfer has been requested by the Governor or other executive authority of the State;
    (2) the State has presented to the Director a certified copy of the indictment, information, or judgment of conviction; and
    (3) the Director finds that the transfer would be in the public interest.
18 U.S.C. § 3623.

[3] We cite to Oklahoma v. Tellez solely as a basis for background in this matter. The procedural facts in that case are not akin to those presented in this case to date.

2

The district court disagreed. It applied the traditional "tools of statutory construction" to § 3623 and found that the "public interest" in the context of the death penalty was not as plainly established as the State of Oklahoma claimed. *Id.* The court concluded that the statute did not compel immediate transfer even where the other statutory requirements were satisfied. *Id.* It "declined" the state's invitation "to engage in a debate about the public interest when Congress has clearly limited such review." *Id.* The court dismissed the habeas claims for lack of jurisdiction, and reserved ruling on the TRO noting it might hear the *ultra vires* claims if the BOP clearly defied the meaning of § 3623. *Id.* Ultimately, the district court held a hearing on the *ultra vires* claims and concluded that it did not have jurisdiction to act "because § 3623vests the BOP Director with broad discretion over whether to refuse a transfer request based on his determination of the public interest." *State of Oklahoma v. Tellez*, Northern District of Texas -7:22-cv-00108-O, ECF No. 28.

On January 23, 2025, the State of Oklahoma wrote to Acting Regional Director Danon Colbert of the Southern Central Regional Office, asking him transfer Hanson to Oklahoma's custody. ECF No. 1-1 at 1-2. According to Hanson's motion and attachments, no one from the BOP has responded to the request.

## II. **Law and Analysis**

We first address the Government's contention that "the Magistrate Judge lacked authority to address Plaintiff's motion because of the statutory prohibition on Magistrate Judges hearing motions for injunctive relief. 28 U.S.C. § 636(b)(1)(A) ('a judge may designate a magistrate judge to hear and determine any pretrial matter before the court, except a motion for injunctive relief.')." 28 U.S.C. § 636(b)(1)(B) provides: "a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, but a judge of the court, of any motion excepted

in subparagraph (A)..." Accordingly, the Magistrate Judge did not lack authority to consider and issue a report and recommendation to the undersigned regarding the TRO. Nevertheless, we decline to adopt the Report and Recommendation as the matter is not ripe and, therefore, not justiciable.

"Ripeness is a constitutional prerequisite to the exercise of jurisdiction." Abbott Laboratories v. Gardner, 387 U.S. 136, 148-49 (1967).

> A court should dismiss a case for lack of "ripeness" when the case is abstract or hypothetical. The key considerations are "the fitness of the issues for judicial decision and the hardship of the parties of withholding court consideration." A case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required.

New Orleans Public Service, Inc. v. Council of New Orleans, 833 F.2d 583, 586-87 (5th Cir.1987) (quoting Abbott Laboratories, 387 U.S. at 149 ) holding that a ripeness determination considers (1) fitness for review, and (2) hardship to parties of withholding judicial consideration)).

18 U.S.C. § 3623 clearly places the discretion as to whether a prisoner should be transferred to a state with the BOP Director. While President Trump may have issued an Executive Order establishing that "[i]t is the policy of the United States to ensure that the laws that authorize capital punishment are respected and faithfully implemented," and Attorney General Bondi may have issued a policy memorandum directing the BOP "to work with each state that allows capital punishment to ensure the states have sufficient supplies and resources to impose the death penalty...include[ing] the transferring [of] federal inmates with state or local death sentences to the appropriate authorities to carry out those sentences," the plain language of § 3623 clearly states that the BOP "Director" must be the decision maker as to whether the particular inmate's transfer would be in the public interest.. As there is no evidence before us to suggest that the BOP Director has responded to the request from Attorney General Drummond, there is no justiciable action. *See*

*Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002) (A federal court may exercise jurisdiction over an actual controversy, but not a premature or speculative issue).

Even if this claim was justiciable, it is doubtful that the court would grant the requested relief. Section 3623 gives the BOP Director, and no one else, the discretion to decide whether an inmate's transfer is within the public interest. Although, at this time, President Trump and Attorney General Bondi have set the stage for allowing that determination to be made by the BOP Director, no record filing has been made, and the court is not aware of any extrajudicial determination by the BOP Director which causes the court to believe that it may interfere with the exercise of his/her discretion. It is the absence of the Congressionally mandated official's determination as to this particular inmate which is determinative at this point.

### III. Conclusion

As the matter presented to the court lacks justiciability, it is

ORDERED, ADJUDGED AND DECREED that Hanson's complaint IS DISMISSED WITHOUT PREJUDICE and the motion for temporary restraining order and/or preliminary injunction is presently DENIED AS MOOT.

THUS DONE AND SIGNED at Alexandria, Louisiana this 26th day of February 2025.

DEE D. DRELL, SENIOR JUDGE
UNITED STATES DISTRICT COURT